Russell Shanks (RS-1821)
Cyruli Shanks Hart & Zizmor, LLP
Attorney for Defendants
PANA NISSAN d/b/a NISSAN OF
NEW ROCHELLE
NISSAN OF NEW ROCHELLE and
ANTHONY PANARELLA
420 Lexington Avenue Suite 2320
New York, NY 10170
(212) 661-6800
Fax (212) 661-5350
rshanks@cshzlaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

PEGAS BACCAS and GARY ATTZS,

                         Plaintiff,

                                        Case No. 7:17-cv 03207(CS)

      -against-                                <u>ANSWER</u>

NISSAN OF NEW ROCHELLE;
PANA NISSAN LLC d/b/a
NISSAN OF NEW ROCHELLE;
PAGA NISSAN LLC d/b/a NISSAN OF NEW
ROCHELLE; ANTONY PANARELLA,
TD AUTO FINANCE, LLC.,

                         Defendants.
-------------------------------------------------------------------x

        Defendants, Nissan of New Rochelle ("New Rochelle"), Pana Nissan LLC. d/b/a

Nissan of New Rochelle ("Pana"), and Anthony Panarella ("Panarella"), (collectively the

"Defendants"), by their attorneys Cyruli Shanks Hart & Zizmor, LLP., answer the allegations

contained in Plaintiff's Complaint as follows:

## AS TO THE INTRODUCTION

1.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

3.      The allegations of paragraph 3 of the Complaint do not set forth facts for which responses are required.

## AS TO JURISDICTION AND VENUE

4.      The allegations of paragraph 4 of the Complaint do not set forth facts for which responses are required.

5.      The allegations of paragraph 5 of the Complaint do not set forth facts for which responses are required.

6.      The allegations of paragraph 6 of the Complaint do not set forth facts for which responses are required.

7.      The allegations of paragraph 7 of the Complaint do not set forth facts for which responses are required.

## AS TO THE PARTIES

8.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10.      Answering paragraph 10 of the complaint admits that Pana Nissan LLC. d/b/a Nissan of Rochelle was the seller of the vehicle in question.

11.     Admits the allegations contained in paragraph 11 of the Complaint.

12.     Admits the allegations contained in paragraph 12 of the Complaint.

13.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14.     Admits that there is no entity known to defendants to be Paga Nissan LLC, which appears to be a spelling error.

15.     Answering paragraph 15 of the Complaint, admit that Anthony Panarella is an owner and general manager of the dealership.

16.     Deny the allegations contained in paragraph 16 of the Complaint.

17.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

<u>AS TO THE FACTS</u>

18.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint.

19.     Deny the allegations contained in paragraph 19 of the Complaint.

20.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint.

21.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint.

22.      Deny the allegations contained in paragraph 22 of the Complaint.

23.     Deny the allegations contained in paragraph 23 of the Complaint.

24.     Deny the allegations contained in paragraph 24 of the Complaint.

25.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint.

26.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint.

27.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint.

28.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint.

29.    Deny the allegations contained in paragraph 29 of the Complaint.

30.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint.

31.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint.

32.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint.

33.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint.

34.    Deny the allegations contained in paragraph 34 of the Complaint.

35.    Deny the allegations contained in paragraph 35 of the Complaint.

36.    Deny the allegations contained in paragraph 36 of the Complaint.

37.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint.

38.    Deny the allegations contained in paragraph 38 of the Complaint.

39.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint.

40.     Deny the allegations contained in paragraph 40 of the Complaint.

41.     Deny the allegations contained in paragraph 41 of the Complaint.

42.     Answering paragraph 42 of the Complaint, defendants refer the document in question to the court for review and determination.

43.     Deny the allegations contained in paragraph 43 of the Complaint.

44.     Deny the allegations contained in paragraph 44 of the Complaint.

45.     Admit the allegations contained in paragraph 45 of the complaint.

46.     Admit the allegations contained in paragraph 46 of the complaint.

47.     Deny the allegations contained in paragraph 47 of the Complaint.

48.     Answering paragraph 48 of the Complaint, defendants refer the document in question to the court for review and determination.

49.     Answering paragraph 49 of the Complaint, defendants refer the document in question to the court for review and determination.

50.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Complaint.

51.     Answering paragraph 51 of the Complaint, defendants refer the document in question to the court for review and determination.

52.     Deny the allegations contained in paragraph 52 of the Complaint.

53.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Complaint.

54.     Deny the allegations contained in paragraph 54 of the Complaint.

55.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the Complaint.

56.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the Complaint.

57.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Complaint.

58.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of the Complaint.

59.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the Complaint.

60.    Deny the allegations contained in paragraph 60 of the Complaint.

61.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Complaint.

62.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Complaint, but specifically deny that any document was "forged."

63.    Answering paragraph 63 of the Complaint, defendants refer the document in question to the court for review and determination, but specifically deny that any document was "forged."

64.    Answering paragraph 64 of the Complaint, defendants refer the document in question to the court for review and determination, but specifically deny that any document was "forged."

65.     Answering paragraph 65 of the Complaint, defendants refer the document in question to the court for review and determination, but specifically deny that any document was "forged."

66.     Answering paragraph 66 of the Complaint, defendants refer the document in question to the court for review and determination, but specifically deny that any document was "forged."

67.     Answering paragraph 67 of the Complaint, defendants refer the document in question to the court for review and determination, but specifically deny that any document was "forged."

68.     Answering paragraph 68 of the Complaint, defendants refer the document in question to the court for review and determination, but specifically deny that any document was "forged," or that there was an agreed price of $600-$691.

69.     Deny the allegations contained in paragraph 69 of the Complaint.

70.     Answering paragraph 70 of the Complaint, defendants admit that certain items were canceled and a refund of $4200 was made, despite the fact that Plaintiff authorized said purchases.

71.     Admit the allegations contained in paragraph 71 of the complaint, to the extent that Plaintiffs wanted to keep the extended service contract.

72.     Deny the allegations contained in paragraph 72 of the Complaint.

73.     Answering paragraph 73 of the Complaint, defendants deny that there was a promise to sell the car for $31,000.

74.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 of the Complaint, but deny that the Baccas Plaintiff "was in fear for losing his job."

75.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 of the Complaint.

76.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76 of the Complaint.

77.     Deny the allegations contained in paragraph 77 of the Complaint.

78.     Answering paragraph 78 of the Complaint, defendants refer the document in question to the court for review and determination, but allege that "Para" was a typo.

79.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79 of the Complaint.

80.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80 of the Complaint.

81.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 81 of the Complaint.

82.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82 of the Complaint.

83.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 83 of the Complaint.

84.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 84 of the Complaint.

85.     Deny the allegations contained in paragraph 85 of the Complaint.

86.     Deny the allegations contained in paragraph 86 of the Complaint.

87.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 87 of the Complaint.

## AS TO COUNT I

88.     As to paragraph 88 of the Complaint, defendants repeat, and reallege each and every response as set forth hereinabove, with the same force and effect as if set forth at length herein.

89.     Answering paragraph 89 of the Complaint, defendants refer all questions of law to the Court for determination, but deny that any document was "forged."

90.     Answering paragraph 90 of the Complaint, defendants refer all questions of law to the Court for determination.

91.     Answering paragraph 91 of the Complaint, defendants refer all questions of law to the Court for determination.

92.     Answering paragraph 92 of the Complaint, defendants refer all questions of law to the Court for determination.

93.     Answering paragraph 93 of the Complaint, defendants refer all questions of law to the Court for determination.

94.     Answering paragraph 94 of the Complaint, defendants refer all questions of law to the Court for determination.

95.     Answering paragraph 95 of the Complaint, defendants refer all questions of law to the Court for determination.

96.     Answering paragraph 96 of the Complaint, defendants the document to the Court for review and determination.

97.    Deny the allegations contained in paragraph 97 of the Complaint.

98.    Deny the allegations contained in paragraph 98 of the Complaint.

99.    Deny the allegations contained in paragraph 99 of the Complaint.

100.   Deny the allegations contained in paragraph 100 of the Complaint.

101.   Deny the allegations contained in paragraph 101 of the Complaint.

102.   Deny the allegations contained in paragraph 102 of the Complaint.

103.   Deny the allegations contained in paragraph 103 of the Complaint.

104.   Deny the allegations contained in paragraph 104 of the Complaint.

<u>AS TO COUNT II</u>

105.   As to paragraph 105 of the Complaint, defendants repeat, and reallege each and every response as set forth hereinabove, with the same force and effect as if set forth at length herein.

106.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 106 of the Complaint.

107.   Answering paragraph 107 of the Complaint, defendants refer all questions of law to the Court for determination.

108.   Deny the allegations contained in paragraph 108 of the Complaint.

109.   Deny the allegations contained in paragraph 109 of the Complaint.

110.   Deny the allegations contained in paragraph 110 of the Complaint.

## AS TO COUNT III

111.    As to paragraph 111 of the Complaint, defendants repeat, and reallege each and every response as set forth hereinabove, with the same force and effect as if set forth at length herein.

112.    Answering paragraph 112 of the Complaint, defendants refer all questions of law to the Court for determination.

113.    Answering paragraph 113 of the Complaint, defendants refer all questions of law to the Court for determination.

114.    Answering paragraph 114 of the Complaint, defendants refer all questions of law to the Court for determination.

115.    Answering paragraph 115 of the Complaint, defendants refer all questions of law to the Court for determination.

116.    Deny the allegations contained in paragraph 116 of the Complaint.

117.    Deny the allegations contained in paragraph 117 of the Complaint.

118.    Deny the allegations contained in paragraph 118 of the Complaint.

## AS TO COUNT IV

119.    As to paragraph 119 of the Complaint, defendants repeat, and reallege each and every response as set forth hereinabove, with the same force and effect as if set forth at length herein.

120.    Answering paragraph 120 of the Complaint, defendants refer all questions of law to the Court for determination.

121.    Deny the allegations contained in paragraph 121 of the Complaint.

122.    Deny the allegations contained in paragraph 122 of the Complaint.

123.   Deny the allegations contained in paragraph 123 of the Complaint.

124.   Deny the allegations contained in paragraph 124 of the Complaint.

125.   Deny the allegations contained in paragraph 125 of the Complaint.

## AS TO COUNT V

126.   As to paragraph 126 of the Complaint, defendants repeat, and reallege each and every response as set forth hereinabove, with the same force and effect as if set forth at length herein.

127.   Deny the allegations contained in paragraph 127 of the Complaint.

128.   Deny the allegations contained in paragraph 128 of the Complaint.

129.   Deny the allegations contained in paragraph 129 of the Complaint.

130.   Deny the allegations contained in paragraph 130 of the Complaint.

131.   Deny the allegations contained in paragraph 131 of the Complaint.

132.   Deny the allegations contained in paragraph 132 of the Complaint.

133.   Deny the allegations contained in paragraph 133 of the Complaint.

## AS TO COUNT VI

134.   As to paragraph 134 of the Complaint, defendants repeat, and reallege each and every response as set forth hereinabove, with the same force and effect as if set forth at length herein.

135.   Deny the allegations contained in paragraph 135 of the Complaint.

136.   Deny the allegations contained in paragraph 136 of the Complaint.

137.   Deny the allegations contained in paragraph 137 of the Complaint.

138.   Deny the allegations contained in paragraph 138 of the Complaint.

139.   Deny the allegations contained in paragraph 139 of the Complaint.

140. Deny the allegations contained in paragraph 140 of the Complaint.

141. Deny the allegations contained in paragraph 141 of the Complaint.

142. Deny the allegations contained in paragraph 142 of the Complaint.

<u>AS AND FOR A FIRST AFFIRMATIVE DEFENSE</u>

143. The Complaint fails to state a cause of action upon which relief can be granted.

<u>AS AND FOR A SECOND AFFIRMATIVE DEFENSE</u>

144. Statute of frauds.

<u>AS AND FOR A THIRD AFFIRMATIVE DEFENSE</u>

145. Ratification.

<u>AS AND FOR A FOURTH AFFIRMATIVE DEFENSE</u>

146. Plaintiffs have failed to mitigate their damages.

<u>AS AND FOR A FIFTH AFFIRMATIVE DEFENSE</u>

147. Plaintiffs' claims are barred by the doctrine of equitable estoppel and/or waiver.

<u>AS AND FOR A SIXTH AFFIRMATIVE DEFENSE</u>

148. Any damages sustained by the Plaintiffs were the result of third parties and not the answering defendant.

<u>AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE</u>

149. Laches.

<u>AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE</u>

150. Unclean hands.

<u>AS AND FOR A NINTH AFFIRMATIVE DEFENSE</u>

151. Plaintiffs have not pleaded fraud with specificity as required by Fed. R. Civ. P. 9(b).

## AS AND FOR A TENTH AFFIRMATIVE

152.    Punitive damages are not recoverable in a private contract action.

## AS AND FOR A ELEVENTH AFFIRMATIVE

153.    Defendants disclaimed any warranties unless contained in writing or otherwise mandated by law.

## AS AND FOR A TWELFTH AFFIRMATIVE

154.    Defendant, Anthony Panarella never dealt with Plaintiffs in hi individual capacity.

## AS AND FOR A THIRTEENTH AFFIRMATIVE

155.    The action is barred by the applicable Statute of Limitations.

## AS AND FOR A FOURTEENTH AFFIRMATIVE

156.    Plaintiffs' culpable conduct contributed to their loss, thereby precluding recovery.

## AS AND FOR A FIFTEENTH AFFIRMATIVE

157.    Answering defendants satisfied any and all obligations to Plaintiffs, if any, none of which are admitted.

158.    Notwithstanding the foregoing, Plaintiffs breached the contract in question.

## AS AND FOR A SIXTEENTH AFFIRMATIVE

159.    Plaintiffs damages were the result of the misuse, alteration, failure to maintain the vehicle.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE

160.    Accord and Satisfaction.

## AS AND FOR A EIGHTHTEENTH AFFIRMATIVE

161.    Release.

## AS AND FOR A NINTEENTH AFFIRMATIVE

162.    If Plaintiffs recover against Defendants after trial, Defendants seek, as and for a set-off and a reduction of judgment credit, for the reasonable use and possession, and wear and tear of or on the vehicle.

WHEREFORE, Answering Defendants demand judgment dismissing Plaintiff's Complaint in its entirety, together with the costs and disbursements of this action, and as such other relief as this Court deems just and proper.

Dated: New York, New York
        May 18, 2017

                                CYRULI SHANKS HART & ZIZMOR LLP

                                By: _____
                                    Russell Shanks (RS-1821)
                                    Attorneys for Defendants
                                    PANA NISSAN d/b/a NISSAN
                                    OF NEW ROCHELLE NISSAN
                                    OF NEW ROCHELLE and
                                    ANTHONY PANARELLA
                                    420 Lexington Avenue-Ste 2320
                                    New York, New York 10170
                                    (212) 661-6800


TO:    Daniel Schlanger, Esq.
       Kakalec & Schlanger
       Attorneys for Plaintiff
       85 Broad Street, 18th Floor
       New York, NY 10004
       (212) 500-6114